IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RANGELINE LENDER LLC, )
)
   Plaintiff, )
)
v. ) CIVIL ACTION NO. 20-0207-CG-MU
)
HIGH NOB-RANGELINE, LLC., *et al.*, )
)
   Defendants. )

## **REPORT AND RECOMMENDATION**

On July 22, 2020, Plaintiff Rangeline Lender LLC ("Rangeline") filed a Motion to Dismiss Counterclaim Plaintiff High Nob-Rangeline, LLC's Counterclaim. (Doc. 11). High Nob-Rangeline, LLC ("Borrower") filed its response in opposition to Rangeline's motion on August 12, 2020, and Rangeline filed a reply brief in support of its motion on August 19, 2020. (Docs. 17, 20). On August 12, 2020, Borrower filed a motion to strike an exhibit attached to the motion to dismiss. (Doc. 16). On August 26, 2020, Rangeline filed a brief in opposition to this motion, and on September 2, 2020, Borrower filed a reply brief. (Docs. 21, 22). These motions have been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Having reviewed and considered the relevant pleadings and briefs and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Rangeline's motion to dismiss Borrower's counterclaim be **GRANTED, in part,** and **DENIED, in part,** as set forth herein and that Borrower's motion to strike Exhibit A to the motion to dismiss be **DENIED** for the reasons set forth below.

# I. <u>SUMMARY OF ALLEGATIONS</u> [1]

On April 3, 2020, Rangeline filed a complaint against Borrower, and four other defendants, who are not involved in this motion to dismiss. (Doc. 1). The complaint seeks recovery of a deficiency allegedly owed to Rangeline after Rangeline foreclosed on property that secured a note upon which Borrower allegedly defaulted. (*Id.*). Borrower filed a counterclaim against Rangeline seeking a declaratory judgment and asserting claims of wrongful foreclosure, breach of fiduciary duty, and breach of contract on July 1, 2020. (Doc. 9). Rangeline filed the instant motion to dismiss, which has been fully briefed.

For purposes of this motion, the relevant allegations are as follows: On September 6, 2016, Borrower executed a Promissory Note in favor of Yadkin Bank in the amount of $2,265,000.00. (Doc. 1 at p. 2). To secure Borrower's performance under the Note, Borrower also executed a Mortgage, Assignment of Rents, and Security Agreement in favor of Yadkin Bank on the same date. (*Id.*). The Mortgage granted Yadkin Bank, its successors and assigns, a security interest in real property located in Mobile, Alabama. (*Id.* at p. 3). In the event of default, the Mortgage granted Yadkin Bank, its successors and assigns, the right to accelerate Borrower's obligations under the Note and foreclose on the Property. (*Id.* at p. 4). The Loan matured according to its terms on September 6, 2019. (*Id.*). Borrower did not pay the loan upon maturity. (Doc. 9 at p. 3).

On December 27, 2019, First National Bank of Pennsylvania, as successor by

---

[1] For consideration of this motion to dismiss, Borrower's factual allegations have been accepted as true and viewed in the light most favorable to Borrower. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

way of merger to Yadkin Bank, assigned its rights under the Mortgage to Rangeline. (Doc. 1 at p. 4). Rangeline commenced foreclosure proceedings, providing notice of its intent to foreclose on the Property in accordance with the terms of the Mortgage by publication in the January 24, 2020, January 31, 2020, and February 7, 2020 issues of *The Press Register*, a newspaper of general circulation in Mobile, Alabama. (*Id.* at p. 5). On February 14, 2020, Rangeline foreclosed on the subject property by non-judicial foreclosure. (*Id.*). Rangeline purchased the property by credit bid for the amount of $1,435,000.00. (*Id.*). The mortgaged property is an existing retail property containing 16,536 square feet of gross leasable area located at 5300 Halls Mill Road, Mobile, Alabama. (Doc. 9 at p. 8). At the time of the foreclosure sale, Borrower was in the process of finalizing leases with two new tenants for the mortgaged property which would have substantially increased the market value of the mortgaged property. (*Id.*). The value of the mortgaged property at the time of the foreclosure sale was at least $2,670,000. (*Id.* at p. 9).

Based on these facts, Borrower alleges that, when Rangeline foreclosed on the mortgage, it became a trustee of Borrower and was bound to act in good faith and adopt and consider all reasonable modes of rendering the foreclosure sale most beneficial to Borrower. (*Id.* at p. 10). Borrower further alleges that Rangeline purchased the loan at issue at a substantial discount and then used the power of sale to acquire the income producing mortgaged property itself via a grossly inadequate credit bid to the disadvantage of Borrower, which amounted to fraud in the exercise of the power of sale. (*Id.* at p. 11). Borrower asserts that the foreclosure sale was thus wrongful and unlawful. (*Id.*). Borrower further asserts that Rangeline breached its fiduciary duty to

Borrower. (*Id.*). Finally, Borrower alleges that the Note, Loan Agreement, and Mortgage, Assignment of Rents, and Security Agreement all contain an implied duty for the parties to act in good faith and in a commercially reasonable manner. (*Id.* at p. 12). Because Rangeline allegedly failed to act in good faith and failed to consider and adopt all reasonable modes of rendering the foreclosure sale most beneficial to Borrower, Rangeline breached its contract with Borrower. (*Id.*).

### III. <u>STANDARD OF REVIEW</u>

Rangeline seeks dismissal of Borrower's counterclaims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. "A motion to dismiss a counterclaim under Rule 12(b)(6) is treated the same as a motion to dismiss a complaint." *Fabricant v. Sears, Roebuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## IV. **MOTION TO STRIKE**

First the Court will briefly address Borrower's motion to strike a copy of the 2020 public tax records for the mortgaged property, which were attached as Exhibit A to Rangeline's motion to dismiss Borrower's counterclaim. (Doc. 16). Borrower alleges that the tax records should be stricken because they are outside the four corners of the pleadings and do not fall within one of the three exceptions to the rule that considering material outside of the pleadings converts a motion to dismiss to a motion for summary judgment. Rangeline requested that the Court take judicial notice of the 2020 Mobile County Tax Assessor records, pursuant to Federal Rules of Evidence 201(b)(2). Rule 201(b)(2) provides that courts can take judicial notice of facts that "can be accurately

5

and readily determined from sources whose accuracy cannot reasonable be questioned." The first exception to the rule that matters outside the pleadings cannot be considered on a motion to dismiss is that conversion to a motion for summary judgment "will not occur if the court properly takes judicial notice of attached exhibits." *Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1276-79 (11th Cir. 1999)). Public records, such as tax accessor records, are capable of judicial notice as a source whose accuracy cannot be reasonably questioned. *See Chinn v. PNC Bank, N.A.,* 451 F. App'x 859, 860 n.1 (11th Cir. 2012); *Bryant,* 187 F.3d at 1280. Accordingly, it is recommended that Borrower's motion to strike the tax records attached as Exhibit A to Rangeline's motion to dismiss be **DENIED**.[2]

## V. <u>CONCLUSIONS OF LAW</u>

Rangeline seeks dismissal of Borrower's claims on the ground that the counterclaim is absent of any alleged wrongdoing or malfeasance in Rangeline's exercise of the power of sale contained in the Mortgage under Alabama law. (Doc. 11 at pp. 2-3). Rangeline claims that, "[i]n the absence of any issue of impropriety, this sale must stand," and Borrower's counterclaim is due to be dismissed. (*Id.* at p. 3 (citing *CS Assets, LLC v. W. Beach, LLC*, 370 F. App'x 45, 46 (11th Cir. 2010)). The Court will address each of the claims made by Borrower below.

---

[2] It should be noted that the Court did not consider or rely on the tax records in making its determination on the motion to dismiss as it was required to view the evidence in the light most favorable to Borrower.

A. **<u>Wrongful Foreclosure</u>**

"The accepted definition of a wrongful foreclosure cause of action in Alabama is, '[a] mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor.'" *In re Sharpe*, 391 B.R. 117, 152 (N.D. Ala. 2008) (quoting *Reeves Cedarhurst Dev. Corp. v. First Amer. Fed. Sav. and Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992) (internal citations omitted)). "This cause of action is an equitable one typically brought against a mortgagee who goes outside the boundaries of a mortgage to foreclose for reasons not allowed by the mortgage." *Id*. Based on its review of Alabama case law, the *Sharpe* court concluded that the "elements" to determine whether a party has an action for wrongful foreclosure, under Alabama law, are: "(1) the actions of the mortgagee were either outside the boundaries of the foreclosure or taken for some purpose other than to secure the debt owed by the mortgagor; (2) the actions of the mortgagee were for some ulterior motive; (3) the power of sale was perverted or used for the mortgagee's or someone else's purpose; or (4) the mortgagee had an ill motive." *Id.* at 152-53. "Under Alabama law, if an action by a mortgagee was *for the purpose of securing the debt owed by the mortgagor*, while it may be wrong for other reasons, it cannot, unless some other malady exists, be wrongful foreclosure." *Id.* at 153. "Where the price realized at the sale is so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside." *Id.* at 155 (quoting *First Nat. Bank v. Wise*, 177 So. 636, 638 (1937) (internal quotations and citations omitted)).

In its counterclaim, Borrower alleges that Rangeline purchased the loan at issue at a substantial discount and then used the power of sale to acquire the income producing mortgaged property itself via a grossly inadequate credit bid to the disadvantage of Borrower, which amounted to fraud in the exercise of the power of sale. (Doc. 9 at p. 11). Borrower asserts that the foreclosure sale was thus wrongful and unlawful. (*Id.*). Borrower also alleges that the sale price was so inadequate as to shock the conscience. There is no dispute that Borrower was in default on the loan and that Rangeline, thus, had the right to foreclose on the property. There are no allegations that Rangeline did not conduct the sale in accordance with the mortgage. Borrower argues, however, that the foreclosure was wrongful because Rangeline purchased the property at the foreclosure sale for approximately 50% of what Borrower alleges to be the value of the property after having bought the loan and mortgage at a discounted rate, that is, for less than the amount owed on the loan.

While the Eleventh Circuit has held that a foreclosure sale price equal to 20%, 30%, or 66% of a property's fair market value was not so inadequate as to shock the judicial conscience, s*ee CS Assets, LLC v. West Beach, LLC*, 370 F. App'x 45, 46 (11th Cir. 2010), the Alabama Supreme Court has held that "although mere inadequacy of price is not sufficient to that end, it is 'always a circumstance to be considered in connection with other grounds of objection, to the sale, and will be sufficient to justify setting the sale aside, when coupled with any other circumstances showing unfairness, misconduct, fraud, or even stupid management, resulting in the sacrifice of the property.'" *Hayden v. Smith*, 113 So. 293, 295 (Ala. 1927) (quoting 27 Cyc. 1508). The Court having considered the law, which is admittedly somewhat underdeveloped for the

wrongful foreclosure alleged here, and the allegations of the counterclaim, recommends that Rangeline's motion to dismiss Borrower's wrongful foreclosure claim at this juncture of the proceedings be **DENIED**. The Court finds that Borrower has set forth sufficient factual allegations that Rangeline's actions of purchasing the mortgage at a reduced value, purchasing the property at a reduced value, and then seeking the amount of the deficiency, thus creating a windfall "were for some ulterior motive, … perverted or used for the mortgagee's or someone else's purpose, or … were done with an ill motive." *In re Sharpe*, 391 B.R. at 152-53.

## B. Breach of Fiduciary Duty

In Count III of the counterclaim, Borrower asserts a cause of action for breach of fiduciary duty based on the allegations that Rangeline became a trustee of Borrower when it foreclosed on the mortgage, failed to act in good faith, and failed to adopt and consider all reasonable modes of rendering the foreclosure most beneficial to Borrower. (Doc. 9 at p. 11). Although Alabama courts have consistently held that a mortgagee owes a duty of good faith and fairness in exercising its power to conduct a non-judicial foreclosure sale, the duty is "not a general fiduciary duty." *Brabham v. Amer. Nat. Bank of Union Springs*, 689 So. 2d 82, 88 (Ala. Civ. App. 1996). Therefore, no cause of action exists under Alabama law for breach of fiduciary duty by a mortgagee. *Id.; accord Selman v. CitiMortgage, Inc.,* Civ. A. No. 12-0441-WS-B, 2013 WL 838193, at *10 (S.D. Ala. Mar. 5, 2013) (noting that a "substantial, unbroken line of authority support[s] the proposition that Alabama law does not recognize a general fiduciary duty running from a mortgagee to a mortgagor"); *Forester v. Bank of Amer., N.A.,* Civ. A. No. 111-0160-CG-M, 2012 WL 3206471, at *8 (S.D. Ala. Aug. 7, 2012) (holding that, because Alabama

law does not recognize a general fiduciary duty owed by a mortgagee to a mortgagor, no duty existed for defendant to breach). Accordingly, because no fiduciary duty exists, it is recommended that Rangeline's motion to dismiss be **GRANTED** as to Count III of Borrower's counterclaim, which purports to set forth a claim for breach of fiduciary duty, and that this count be dismissed without prejudice.[3]

## C. Breach of Contract

In Count IV of the counterclaim, Borrower alleges that the Note, Loan Agreement and Mortgage, Assignment of Rents and Security Agreement all contain an implied duty for the parties to act in good faith and in a commercially reasonable manner and that Rangeline failed to act in good faith and failed to consider and adopt all reasonable modes of rendering the foreclosure sale most beneficial to Borrower, and thereby, breached its contract with Borrower. (Doc. 9 at p. 12). Rangeline contends that this claim is due to be dismissed because Borrower has failed to set forth facts or specific contractual provisions allegedly breached by Rangeline. (Doc. 11 at p. 11). The Court finds the following analysis set forth in *Shedd v. Wells Fargo Home Mortgage, Inc.,* 2015 WL 6479537, at *5 (S.D. Ala. Oct. 26, 2015), to be instructive:

> Alabama recognizes that every contract carries an implied obligation of good faith and fair dealing, which has been defined as "an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract." … The parameters of this claim have not been well defined. However, it is clear that the obligation is not actionable unless the breach of that duty can be tied to the performance of a specific term of the contract. … More specifically, Alabama courts have recognized the duty of

---

[3] In its brief in response to Rangeline's motion to dismiss, Borrower requests that the Court grant it leave to amend its counterclaim to assert a claim for breach of the duty of good faith and fair dealing. Doc. 17 at p. 10, n.4. If Borrower seeks to amend its complaint, it needs to do so by filing the proper motion and complying with the requirements of Civil L.R. 15.

> good faith and fair dealing when "the contract fails to specify all the duties and obligations intended to be assumed." … In those instances, "the law will imply an agreement to do those things that according to reason and justice the parties should do in order to carry out the purpose for which the contract was made. …
>
> In response to Defendants' motion to dismiss, Plaintiffs have failed to point to any allegation in the [Second Amended Complaint] that would tie their claim to any specific contractual term. Instead, they point to allegations that the Defendants failed to comply with *implied* requirements of the Chapter 11 Plan that they bring the loan current and that they create a separate arrearage account. Because Plaintiffs' SAC does not allege a breach of duty related to any specific contractual term, their claim for breach of implied duty of good faith and fair dealing is due to be dismissed.

*Id*. (internal citations omitted).

As asserted by Rangeline, Borrower has failed to allege a breach of duty related to any specific contractual term; therefore, the Court recommends that Rangeline's motion to dismiss Borrower's breach of contract claim be **GRANTED** and Count IV of the counterclaim be dismissed without prejudice.[4]

## D. <u>Declaratory Judgment</u>

In Count I of its counterclaim, Borrower seeks a declaration, *inter alia*, that the actions taken by Rangeline amounted to wrongful foreclosure and that there is no deficiency owed by Borrower due to Rangeline's inequitable conduct. (Doc. 9 at p. 10). Rangeline asserts that Count I is due to be dismissed because Borrower has failed to state any other claim on which relief may be granted. (Doc. 11 at pp. 11-12). However, as discussed above, the Court found that Borrower has properly alleged a claim for

---

[4] Borrower's attempt to salvage its breach of contract claim by designating specific provisions of the contracts that it asserts were breached in its responsive brief fails because a brief is not a pleading. *See* Fed. R. Civ. P. 7(a). If Borrower wants to amend its pleading, it must do so by following the requirements set forth in Civil L.R. 15.

wrongful foreclosure. Therefore, the Court recommends that Rangeline's motion to dismiss Count I, in which Borrower seeks a declaratory judgment, be **DENIED.**

## CONCLUSION

As set forth above, the Court finds that Borrower has sufficiently alleged its claims for wrongful foreclosure and declaratory judgment and, therefore, **RECOMMENDS** that Rangeline's motion to dismiss those claims at this stage of the proceedings be **DENIED**. The Court finds, however, that Borrower's counterclaim fails to properly allege claims for breach of fiduciary duty and breach of contract and, therefore, **RECOMMENDS** that Rangeline's motion to dismiss those claims be **GRANTED** and that Counts II and III of Borrower's Counterclaim (Doc. 9) be **DISMISSED, without prejudice**. In addition, the Court **RECOMMENDS** that Borrower's motion to strike Exhibit A to Rangeline's motion to dismiss be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to

object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **2nd** day of **December, 2020**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**