IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANGELINE LENDER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 20-207-CG |
| | ) |
| HIGH NOB-RANGELINE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**FINAL ORDER AND JUDGMENT**

Upon consideration of Plaintiff Rangeline Lender, LLC's ("Plaintiff") Motion for Summary Judgment (Doc. 64) (the "Motion"), Defendant High-Nob Rangeline, LLC (the "Borrower") and Defendant Jack R. McCoy Revocable Trust U/A/D February 16, 2005's (the "Jack Trust") Opposition to the Motion (Doc. 68), and Plaintiff's Reply in Support of the Motion (Doc. 72), for the reasons stated in the Court's opinion entered March 24, 2022 (Doc. 85) (the "Order"), and for good cause shown, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. The Motion is **GRANTED** and Plaintiff is entitled to judgment as a matter of law as to the following counts of the Complaint (Doc. 1):

   a. Count I—Breach of Contract against the Borrower;

    b. Count II—Breach of Contract against the Jack Trust and the Winifred B. McCoy Revocable Trust U/A/D April 22, 2008 (the "Winifred Trust" and together with the Jack Trust, the "Guarantors");

    c. Count IV—Account Stated against Borrower; and

    d. Count V—Money Lent against Borrower.

    2. Judgment in favor of the Plaintiff and against each of the Borrower, the Jack Trust, and the Winifred Trust, jointly and severally, is hereby entered in the amount of $990,623.88, which amount consists of $752,076.28 in principal and $238,547.60 in interest as of March 24, 2022.

    3. The Motion is **DENIED** as to Count III of the Complaint, Unjust Enrichment against the Borrower, which Count is further dismissed with prejudice.

    4. The Motion is **GRANTED** in favor of Plaintiff as to all three Counts of the Borrower's Amended Counterclaim (the "Amended Counterclaim") (Doc. 44) (Declaratory Judgment (Count I); Wrongful Foreclosure (Count II); and Breach of Contract (Count III)), which Counts are further dismissed with prejudice.

    5. The Motion is **GRANTED IN PART** as to Plaintiff's request for costs and attorneys' fees. *See* (Doc. 85 at 41–50 (detailing the evidence, arguments, and authority weighed by the Court in awarding attorneys' fees, which included without waiver weighing the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 717 (5th Cir. 1974)). In addition to the judgment amounts awarded in paragraph 2 above, judgment in favor of Plaintiff and against each of the Borrower, the Jack Trust, and the Winifred Trust, jointly and severally, is hereby entered in

the amount of $113,225.00 for reasonable attorneys' fees and costs through December 28, 2021.

6. Upon application by Plaintiff to this Court, which application shall be made consistent with the Order's findings regarding the reasonableness and collectability of attorneys' fees and collection costs (including without waiver the rates awarded by the Court, *see* (Doc. 85 at 41–50)), Plaintiff shall be awarded reasonable attorneys' fees and collection costs incurred from December 28, 2021 through March 24, 2022. Plaintiff is Ordered to submit its application for attorneys' fees and costs by **April 18, 2022**.

7. Pursuant to 28 U.S.C. § 1961 and after March 24, 2022, post-judgment interest will accrue at the rate of 1.30% on the judgment amounts awarded in paragraphs 2 and 5 above and on any amounts ultimately awarded pursuant to paragraph 6 above. The Borrower, the Jack Trust, and the Winifred Trust shall be jointly and severally liable for such post-judgment interest.

**DONE** and **ORDERED** this 4th day, April 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE